IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HERSCHEL W. VICK-EL | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. GLR-15-3355 |
| OFFICER EDWARD CARMEAN | * | |
| CHIEF ARNOLD DOWLING, POLICE DEPT., TOWN OF BERLIN MD. | * | |
| Defendants. | * | |

*****

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants', Defendants Edward Carmean and Arnold Dowling, Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 15). The Motion is ripe for disposition. Having reviewed the Motions and supporting documents, the Court finds no hearing necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will grant Defendants' Motion.

### I.   BACKGROUND

According to Vick-El, he was sitting on the steps of his mother's residence with James Biddle when Defendant Carmean, a Berlin, Maryland police officer, pulled into a local park in his police car. (Compl., ECF No. 1). Vick-El and Biddle began leaving the yard when Carmean yelled for Vick-El to stop and asked him if he was David Tanig. (Id.). Vick-El responded no and Carmean asked him for his name. (Id.). Vick-El informed Carmean that his name was [Hershel] Vick-el and that David Tanig was his brother. (Id.). Carmean then pushed Vick-El up against a wall, commenced a body search, threw him to the ground, tased him, kneed him in the back and punched him in the right eye. (Id.). Vick-El never resisted Carmean. (Id.).

According to Carmean, on August 29, 2014, he encountered Vick-El near a local park in Berlin, Maryland at approximately at 7:59 p.m. (ECF Nos. 15-4; 15-5; and 15-6). Vick-El refused to provide his name to Carmean after he asked twice. (ECF No. 15-4). Carmean informed Vick-El there was a warrant for his arrest and asked Vick-El to turn around and place his hands behind his back. (Id.). Vick-El refused and attempted to walk around Carmean, bumping Carmean with his shoulders. (Id.). Carmean placed Vick-El against the wall and instructed him to drop his cigarette and put his hands behind his back. (Id.). Vick-el refused Carmean's commands. (Id.). Instead, Vick-El made numerous attempts to push off the wall and turn around to face Carmean. (Id.). Carmean requested backup and knocked the cigarette out of Vick-El's hand. (Id.). Vick-El yelled at him several times and a struggle ensued, where Vick-El struck Carmean in the chest with his elbow. (Id.). Carmean hooked his arm across Vick-El's torso, from left rib cage to his right shoulder, and took Vick-El to the ground, landing on top of him. (Id.).

Vick-El placed his hands underneath himself. (Id.). Carmean gave Vick-El numerous orders to put his hands to the side, but Vick-El refused. (Id.). Carmean radioed for backup again and struck Vick-El once on the right side of his face/head area to gain compliance. (Id.). After Vick-El refused further instructions to put his hands behind his back, Carmean struck Vick-El a second time on the right side of his face/head area in a further attempt to gain compliance. (Id.). After this second strike, Vick-El stopped resisting and released his hands, allowing Carmean to place him in handcuffs. (Id.).

Vick-El was charged with second-degree assault, possession of a controlled dangerous substance–heroin, possession of a controlled dangerous substance–cocaine, resisting and interfering with his arrest, and making a false statement to an officer. (ECF Nos. 15-4, 15-9).

2

Vick-El was acquitted of the second-degree assault charge, but was convicted of cocaine and heroin possession and resisting and interfering with his arrest. (ECF No. 15-10). The false statement charge was nolle prossed. (Id.). On November 2, 2015, Vick-El sued Defendants under 42 U.S.C. § 1983 seeking declaratory and injunctive relief, along with compensatory and punitive damages for the alleged use of excessive force during an August 29, 2014 arrest in Berlin, Maryland. (Compl.).

## II.     DISCUSSION

### A.     Standard of Review

In considering a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. See Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999) (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)). But "[w]hen matters outside the pleading are presented to and not excluded by the court, the [12(b)(6)] motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 260–61 (4th Cir. 1998) (quoting Fed.R.Civ.P. 12(d)). Under Rule 56(a), the Court must grant summary judgment if the moving party demonstrates there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.

In reviewing a motion for summary judgment, the Court must draw all justifiable inferences in the non-moving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970)). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475

U.S. 574, 586–87 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247–48.

A "material fact" is one that might affect the outcome of a party's case. Id. at 248; see JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001) (citing Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001)). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; accord Hooven-Lewis, 249 F.3d at 265.

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Balt. Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed.R.Civ.P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in [his] favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644–45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (quoting Drewitt v. Pratt, 999 F.2d 774, 778–79 (4th Cir. 1993).

Defendants rely on exhibits attached to their Motion. Because the Court will consider Defendants' exhibits, the Court must convert the Motion to Dismiss to a Motion for Summary judgment.[1]

---

1 "[N]o formal notice of conversion by the district court is required in cases where it is

As a general rule, when one party files a motion for summary judgment, the non-movant cannot merely rely on matters pleaded in the complaint, but must, by factual affidavit or the like, respond to the motion. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Kipps v. Ewell, 538 F.2d 564, 566 (4th Cir. 1976). A verified complaint, however, is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge. Davis v. Zahradnick, 600 F.2d 458, 459–60 (4th Cir.1979). Here, Vick-El's verified Complaint, which describes Defendants' allegedly unconstitutional conduct, is based upon his own personal knowledge and Vick-El swears them under the penalties of perjury. (ECF Nos. 1, 19). Accordingly, the Court will construe the Complaint as an affidavit for purposes of determining whether he generates a dispute of material fact for his claims.

**B.**     **Analysis**

    **i.**     **Excessive Force Claim against Dowling**

It is well established that the doctrine of respondeat superior does not apply in § 1983 claims. See Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Love–Lane v. Martin, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983). Under § 1983, individual liability must be based on personal conduct. See Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985); see also Foote v. Spiegal, 118 F.3d 1416, 1423 (10th Cir. 1997).

Under Shaw v. Stroud, 13 F.3d 791 (4th Cir. 1994), supervisory liability may attach under § 1983 if a plaintiff establishes three elements: that (1) "the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff;" (2) "the supervisor's

---

apparent that what is nominally a Rule 12(b)(6) motion to dismiss is subject to conversion to a summary judgment motion—for example, where the motion is captioned in the alternative as a motion for summary judgment and affidavits are attached to the motion." Carter v. Balt. Cty., 39 F.App'x 930, 933 (4th Cir. 2002) (per curiam).

response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices;" and that (3) "there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Id. at 799 (citations omitted).

Here, Defendants argue that Vick-El fails to prove an excessive force claim because Vick-El has not established that Dowling, as Chief of Berlin Police, engaged in any conduct related to the incident. Defendants further argue that Vick-El has failed to implicate Dowling through Carmean's, Dowling's subordinate, conduct. The Court agrees. Vick-El baldly states that Dowling had actual knowledge that Carmean had a propensity to use excessive force against others and had otherwise abused his authority as a police officer. (ECF No. 19). Yet he demonstrates no facts in support of this conclusory statement. Thus, the Court will enter grant the Motion as to Dowling.

### ii.   Excessive Force Claim against Carmean

Defendants argue that Vick-El may not pursue an excessive force claim against Carmean because a judgment in Vick-El's favor would call into question the validity of his conviction for resisting arrest, which is prohibited by Heck v. Humphrey, 512 U.S. 477 (1994). In Reddick v. Lott, 202 F.App'x 615 (4th Cir. 2006), the Fourth Circuit focused on the timing of the alleged use of force by law enforcement and the criminal defendant's resistance:

> If the officer's alleged [assault] caused Riddick to engage in the conduct that undergirds his conviction, then a successful § 1983 suit would necessarily imply invalidity of that conviction, since a person cannot be found guilty of resisting arrest if he is simply protecting himself, reasonably, against an officer's unprovoked attack or use of excessive force. If, however, there is no legal nexus between the officer's alleged assault and plaintiff's resistance; that is, the alleged assaultive behavior occurred, independently, either before plaintiff resisted arrest, or after his

> resistance had clearly ceased, then a successful § 1983 suit for excessive force would not imply invalidity of the conviction.

Riddick, 202 F.App'x at 616.

Here, Vick-El maintains that he never resisted arrest. (Compl.). Yet in state court, Vick-El was convicted of resisting and interfering with his arrest. (ECF No. 15-10). If Vick-El succeeded in his excessive force claim, his successful claim "would necessarily imply" his conviction for resisting arrest was invalid; Vick-El "cannot be found guilty of resisting arrest if he is simply protecting himself, reasonably" against Carmean's unprovoked attack. See Riddick, 202 F.App'x at 616. There is no evidence before the Court, moreover, that Carmean's alleged excessive force occurred independent of Vick-El's arrest. Thus, Vick-El's excessive force claim necessarily implies the invalidity of his resisting arrest conviction. Accordingly, the Court concludes Heck bars Vick-El's excessive force claim.

## III.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 15) is GRANTED. A separate Order follows.

Entered this 16th day of March, 2017.

/s/
George L. Russell, III
United States District Judge