UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HERSCHEL W. VICK EL,  \*

   Plaintiff,  \*

v.                               Case No. 15-CV-03355-GLR

OFFICER EDWARD CARMEAN, ET AL.,  \*

   Defendants.

\* \* \* \* \* \* \* \* \*

**REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' RENEWED MOTION TO DISMISS OR,
ALTERNATIVELY, FOR SUMMARY JUDGMENT**

Officer Edward Carmean and Chief Arnold, Defendants, by their undersigned counsel, pursuant to Local Rule 105.1, submit this Reply to Plaintiff's Opposition to their Renewed Motion to Dismiss or, alternatively, for Summary Judgment.

**I.     Argument**

    **A.     The Complaint Fails to State a Claim Against Chief Downing**

Although Vick's opposition includes a lengthy discussion regarding the motion to dismiss, it is devoid of any argument as to why the claims against Chief Downing should not be dismissed. Therefore, for the reasons stated in Defendants' motion, the controlling pleading fails to state a claim against Chief Downing and the claims against him must be dismissed with prejudice.

    **B.     Absence of Fourth Amendment Violation by Officer Carmean**

The focus of Vick's opposition is on legal argument and he spends little time actually addressing the conduct of Officer Carmean on the date in question. Conspicuous in its absence from Vick's opposition is an affidavit from him that contradicts Officer Carmean's version of events. Rather than submit his own affidavit, he relies on portions of transcripts from unspecified dates, that do not

contradict Officer Carmean's version of events. To the contrary, the evidence submitted by Vick simply confirms the testimony given by Officer Carmean in his affidavit.

      Vick argues that there is a dispute of material fact that precludes the entry of summary judgment. There is not. The evidence submitted by Vick does not contradict Officer Carmean's undisputed affidavit. Based upon that affidavit, it is still undisputed that: Officer Carmean had reasonable articulable suspicion / probable cause to detain Vick on August 29, 2014; Vick ignored lawful orders given to him by Officer Carmean; Officer Carmean had probable cause to arrest Vick; and Vick actively and aggressively resisted arrest. Vick had not introduced any evidence that he refused to drop the lit cigarette that he was holding when he was arrested or that he made numerous attempts to push off the wall to turn and face Officer Carmean while he was trying to take him into custody. He also does not dispute that he refused to give his hands to Officer Carmean or that he struck Officer Carmean in the chest with his elbow during the encounter. He similarly does not dispute that he continued to resist arrest up until the moment when Officer Carmean took him to the ground or that he continued to resist once upon the ground. Finally, it is undisputed that, based upon Vick's continued resistance and refusal to obey simple lawful commands, which had necessitated a call for backup, Officer Carmean struck Vick, with an open hand, twice in the head area to gain compliance. These facts remain unrefuted and warrant the entry of summary judgment on his behalf in this matter.

      **C.**    **Existence of Qualified Immunity**

      Vick's opposition does not even appear to address the issue of qualified immunity. As argued in Defendants' original motion, although the right to be free from excessive force is clearly established, the contours of the right do not prohibit a police officer making an arrest on an outstanding bench warrant from using a modicum of force to restrain an individual who has repeatedly refused to obey lawful police orders and has used physical force to resist arrest. Under the circumstances encountered

by Officer Carmean, no reasonable person in his place would have appreciated that his actions violated Vick's Fourth Amendment rights. Thus, at a minimum, Officer Carmean is entitled to qualified immunity.

## II. Conclusion

For these reasons, and the reasons stated in the Memorandum in Support of Defendants' the Renewed Motion to Dismiss or, alternatively, for Summary Judgment, the claims against Chief Dowling must and should be dismissed with prejudice and summary judgment should be entered in favor of Officer Carmean.

_____/s/_____
Matthew D. Peter
Federal Bar No. 26351
mpeter@lgit.org
7225 Parkway Drive
Hanover, Maryland 21076
Office (443) 561-1700
Facsimile (443) 561-1701
Counsel for Defendants

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of December 2020, the foregoing Reply to Plaintiff's Opposition to Defendants' Renewed Motion to Dismiss or, alternatively, for Summary Judgment was filed electronically, with the Court, via ECF, and was sent via First Class, U.S. Mail, postage prepaid to: Herschel W. Vick El, 16050 Flower Street, Berlin, Maryland 21811.

_____/s/_____
Matthew D. Peter